**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 21-4557**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

LEWIS VON BURKS, JR.,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Irene C. Berger, District Judge. (2:20-cr-00114-1)

───────────────

Submitted: September 22, 2022           Decided: September 26, 2022

───────────────

Before WILKINSON, DIAZ, and RUSHING, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:** David O. Schles, LAW OFFICE OF DAVID SCHLES, Charleston, West Virginia, for Appellant. William S. Thompson, United States Attorney, Jeremy B. Wolfe, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lewis Von Burks, Jr., pled guilty, pursuant to a plea agreement, to conspiracy to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), 846. The district court found that Burks was responsible for at least 3,000 grams of heroin and therefore his base offense level was 32, pursuant to U.S. Sentencing Guidelines Manual § 2D1.1(c)(4) (2018). The court also enhanced Burks' offense level for maintaining a premises for the purpose of distributing illegal drugs, pursuant to USSG § 2D1.1(b)(12). Burks appeals, asserting that the court erred in determining the attributable drug quantity and by applying the two-level premises enhancement. Finding no error, we affirm.

"In considering a sentencing court's application of the guidelines, we review legal conclusions de novo and factual findings for clear error." *United States v. White*, 771 F.3d 225, 235 (4th Cir. 2014) (cleaned up). "[W]e can find clear error only if, on the entire evidence, we are left with the definite and firm conviction that a mistake has been committed." *United States v. Manigan*, 592 F.3d 621, 631 (4th Cir. 2010) (cleaned up).

We review the district court's calculation of the drug amounts attributable to a defendant for clear error. *United States v. Kellam*, 568 F.3d 125, 147 (4th Cir. 2009). "Where there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance." USSG § 2D1.1 cmt. n.5; *United States v. Bell*, 667 F.3d 431, 441 (4th Cir. 2011). "District courts enjoy considerable leeway in crafting this estimate . . . provided that the information has sufficient indicia of reliability to support its accuracy." *United States v. Williamson*, 953

F.3d 264, 273 (4th Cir. 2020) (quoting *United States v. Wilkinson*, 590 F.3d 259, 269 (4th Cir. 2010)).

We have reviewed the record on appeal and the district court's explanation of its computation of the quantity of heroin attributable to Burks, and we conclude that the district court's extrapolation was based on evidence that has sufficient indicia of reliability. We further find that the district court did not clearly err in making its conservative estimate that Burks sold more than 3,000 grams of heroin. *See Kellam*, 568 F.3d at 147.

Turning to Burks' challenge to the premises enhancement, the Sentencing Guidelines provide for a two-level enhancement when an individual "maintain[s] a premises for the purpose of manufacturing or distributing a controlled substance." USSG § 2D1.1(b)(12). The commentary clarifies that "[m]anufacturing or distributing a controlled substance need not be the sole purpose for which the premises was maintained, but must be one of the defendant's primary or principal uses for the premises." USSG § 2D1.1 cmt. n.17. Burks does not dispute that he held a possessory interest in the residence and controlled access to it. He also conceded that he sold heroin numerous times from his family residence and that drugs were found there during the execution of the search warrant. He contends, however, that this evidence does not establish that drug distribution was one of the primary purposes of the residence.

In denying Burks' objection to this enhancement, the district court cited to statements Burks' customers gave to law enforcement officers in which they reported buying heroin on a regular basis from Burks at his residence. The court also noted Burks' admission that he conducted all transactions greater than one ounce from his home. We

3

conclude that the district court did not clearly err in finding by a preponderance of the evidence that the sale and storage of drugs was one of the primary uses of Burks' home. *See United States v. Bell*, 766 F.3d 634, 638 (6th Cir. 2014) ("Drug storage on the property and transactions on the property will usually suffice [to establish primary use.]"); *United States v. Miller*, 698 F.3d 699, 702-03, 706-07 (8th Cir. 2012) (affirming enhancement where defendant "actively participat[ed] in at least three controlled buys on the property, and she admitted accepting payments that she knew were for methamphetamine purchases on other occasions"). We therefore find no clear error by the district court in applying the two-level enhancement under USSG § 2D1.1(b)(12). *See White*, 771 F.3d at 235.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*